## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

ALLEN PAUL SALAZAR,

     Plaintiff,

v.                                                No. 23-cv-0458-WJ-KRS

THE BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO, *et al*,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Allen Paul Salazar's Amended Prisoner Civil Rights Complaint (Doc. 4) (Complaint).  Also before the Court is Plaintiff's Motion to Proceed *In Forma* Pauperis (Doc. 5) (IFP Motion).  Plaintiff was incarcerated when this case was filed and is proceeding *pro se*.  He alleges, inter alia, that his conditions of confinement violate the Eighth Amendment.  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the IFP Motion; dismiss the Complaint; and grant leave to amend.

### BACKGROUND

This case stems from Plaintiff's detention at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico.  The Complaint alleges Plaintiff was locked down in his cell for multiple three or five-day periods between 2022 or 2023.  *See* Doc. 1 at 6.  During the lockdowns, Plaintiff lacked access to showers, telephones, prison kiosks, family visits, visits with his public defender, and recreation.  *Id.*  Plaintiff was only released from his cell for about an hour per day.  *Id.*

The Complaint further alleges MDC's water is contaminated.  *See* Doc. 4 at 6.  Jail staff

was allegedly advised to drink bottled water, while inmates were required to drink from the tap. *Id.* Plaintiff developed sores on his legs, which a nurse practitioner allegedly attributed to the contaminated water. *Id.* at 6, 14. Plaintiff contends he did not receive adequate medical treatment for the sores. *Id.* In a handwritten letter attached to the Complaint, he also alleges he was attacked in his cell. *Id.* at 17. However, the details of the attack are unclear.

The Complaint raises claims under 42 U.S.C. § 1983 for cruel and unusual punishment and false imprisonment. *See* Doc. 3 at 6. Plaintiff seeks $12 million in damages. The Complaint itself names four Defendants: (1) the Bernalillo County Board of Commissioners (the Board); (2) MDC Chief Jason Jones; (3) Assistant MDC Chief Sergio Sapien; and (4) Albuquerque Mayor Tim Keller. *Id.* at 2-4. A letter attached to the Complaint includes a different list of individuals/entities, although they are not specifically identified as Defendants. That list includes: (a) State Judge Ross Sanchez; (b) State Judge Macaron; (c) Public Defender Marc Gordon; (d) BCDC, also known as MDC; (e) Lieutenant James Glen Williams; (f) Officer Jason Garcia and/or Officer Garcia; (g) Officer Sanchez; (h) Officer Rael; (i) Captain Jordan; and (j) Miss Jackson. *Id.* at 16-17. Plaintiff filed an IFP Motion along with the Complaint, which reflects he cannot afford to pay the $402 filing fee. The Court will therefore grant the IFP Motion and review the Complaint pursuant to 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING INITIAL REVIEW

The Court must dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110

(10th Cir. 1991) (quotations omitted).   The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements."  *Id.*  Moreover, if the initial *pro se* complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile.  *Id.*

## DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983.  *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights.").  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a cognizable claim for relief.  As an

initial matter, it is not clear which Defendants Plaintiff seeks to sue.  The Complaint sets out a list

of Defendants and then includes a letter-attachment with another untitled list of individuals and

entities.  Even assuming Plaintiff wishes to use both lists to identify the Defendants in this suit,

the allegations do not connect any specific individual or entity to the alleged wrongdoing.  The

Complaint generally describes what Plaintiff experienced at MDC without stating who did what

to whom.  "When various officials have taken different actions with respect to a plaintiff, the

plaintiff's … passive-voice [allegations] showing that his rights 'were violated' will not suffice."

*Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).  "Likewise insufficient is a plaintiff's

more active-voice yet undifferentiated contention that 'defendants' infringed his rights."  *Id.* at

1226.

　　　The Complaint does distinguish one Defendant from the rest - the Board - and alleges it

"willfully allowed" or "allows" various wrongdoing to occur.  *See* Doc. 3 at 13-15.  To establish

the liability of a local governmental board under § 1983, "a plaintiff must show (1) the existence

of a municipal custom or policy and (2) a direct causal link between the custom or policy and the

violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).  The relevant policy

or custom must consist of:

> a formal regulation or policy statement; (2) an informal custom amounting to a widespread
> practice that, although not authorized by written law or express municipal policy, is so
> permanent and well settled as to constitute a custom or usage with the force of law; (3) the
> decisions of employees with final policymaking authority; (4) the ratification by such final
> policymakers of the decisions—and the basis for them—of subordinates to whom authority
> was delegated subject to these policymakers' review and approval; or (5) the failure to
> adequately train or supervise employees, so long as that failure results from deliberate
> indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted).

　　　The Complaint here fails to allege any specific policy or custom adopted by the Board.

Merely alleging that the Board "allows" wrongdoing lacks sufficient factual detail to demonstrate

4

any deliberate conduct that was the moving force behind the lockdowns.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189 (10th Cir. 2003).  The Complaint therefore fails to state a cognizable § 1983 claim against the Board/any Defendant and will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to remedy defects attributable to their ignorance of federal law.  *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will permit Plaintiff to file an amended complaint within thirty (30) days of entry of this Order. Any amended complaint should "make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quotations omitted).  Plaintiff is reminded that, like the Board, private entities and prison supervisors can only be liable if they were personally involved or if they promulgate an official policy/custom that caused the constitutional violation.  *See Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Plaintiff is further reminded that, to the extent he seeks damages for deliberate indifference to health/safety, such claim "involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  Prison conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  A medical need is considered objectively serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotations omitted).  To satisfy the subject component of the deliberate indifference test, the plaintiff must demonstrate each

defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Finally, to the extent Plaintiff wishes to raise a claim for false imprisonment, he must show a defendant is "intentionally confining or restraining [him] without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). A plaintiff generally cannot obtain damages for false imprisonment if he is detained subject to Court Order or a criminal conviction, even if he believes the conviction/Order is unconstitutional. *See Heck v. Humphry*, 512 U.S. 477, 487 (1994) (the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction); *Lawson v. Engleman,* 67 Fed. App'x 524, 526 n. 2 (10th Cir. 2003) (applying *Heck* to bar a claim for false imprisonment). If Plaintiff fails to timely amend or files an amendment that fails to state a cognizable § 1983 claim, the Court may dismiss his claims with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff Allen Paul Salazar's Motion to Proceed *In Forma Pauperis* (**Doc. 5**) is **GRANTED**; his Amended Prisoner Civil Rights Complaint (**Doc. 4**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e); and he may file an amended complaint within thirty (30) days of entry of this Order.

**SO ORDERED**.

_/s/_
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE