IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLEN PAUL SALAZAR,

    Plaintiff,

v.                                                                                                                                                               No. 23-cv-0458-WJ-KRS

THE BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Allen Paul Salazar's failure to amend to state a plausible claim for relief under 42 U.S.C. § 1983. Plaintiff was incarcerated when this case was filed and is proceeding *pro se* and *in forma pauperis*. The prior Complaint (Doc. 4) challenges his detention at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. Plaintiff contends he was subject to 23-hour lock downs for multiple three or five-day periods between 2022 or 2023. *See* Doc. 4 at 6. During the lockdowns, Plaintiff allegedly lacked access to showers, telephones, prison kiosks, family visits, visits with his public defender, and recreation. *Id.* The original Complaint further alleges MDC's water is contaminated; Plaintiff developed sores on his legs from the water; and jail officials failed to adequately treat the sores. *Id.* at 6, 14. In a handwritten letter attached to the Complaint, Plaintiff alleges he was attacked in his cell, but the details of the attack are unclear. *Id.* at 17.

    Construed liberally, the prior Complaint raises claims under 42 U.S.C. § 1983 for cruel and unusual punishment and false imprisonment. *See* Doc. 4 at 4, 6. In the body of the pleading, Plaintiff seeks $12 million in damages from four Defendants: (1) the Bernalillo County Board of

Commissioners (the Board); (2) MDC Chief Jason Jones; (3) Assistant MDC Chief Sergio Sapien; and (4) Albuquerque Mayor Tim Keller.  *Id.* at 2-4.  A letter attached to the Complaint includes a different list of individuals/entities, which includes: (a) State Judge Ross Sanchez; (b) State Judge Macaron; (c) Public Defender Marc Gordon; (d) BCDC, also known as MDC; (e) Lieutenant James Glen Williams; (f) Officer Jason Garcia and/or Officer Garcia; (g) Officer Sanchez; (h) Officer Rael; (i) Captain Jordan; (j) Miss Jackson; and (k) other unidentified officers.  *Id.* at 16-17.

By a ruling entered April 29, 2024, the Court screened the prior Complaint and determined it fails to state a cognizable 42 U.S.C. § 1983 claim.  *See* Doc. 7 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints).  The Screening Ruling explains that it is not clear which Defendants Plaintiff seeks to sue and, in any event, the prior Complaint fails to sufficiently connect each separate Defendant with the alleged wrongdoing.  *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (rejecting both "passive-voice [allegations] showing that [a plaintiff's] rights were violated" and "more active-voice yet undifferentiated contention that 'defendants' infringed his rights.").  The Screening Ruling further rejects Plaintiff's allegation that Board "allows" various types of wrongdoing, as the prior Complaint fails to show any direct, causal link between a policy or custom adopted by the Board and a constitutional violation.  *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996).

As to the merits of the claims, the Screening Ruling explains that to allege a claim for cruel and unusual punishment, Plaintiff must show each Defendant "knew [Plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted).  The prior Complaint fails to satisfy that element.  As to false imprisonment, the prior Complaint fails to allege any Defendant

2

is "intentionally confining or restraining [Plaintiff] without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). For all of these reasons, the Court dismissed the prior Complaint (Doc. 4) for failure to state a cognizable claim.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court permitted Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling. Plaintiff was warned that if he fails to timely comply, the Court may dismiss all claims with prejudice and without further notice. *See* Doc. 7 at 6. The deadline to file an amended complaint expired on May 29, 2024. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss all § 1983 claims in the prior Complaint (Doc. 4) with prejudice for failure to state a plausible claim for relief under 28 U.S.C. § 1915(e) and Rule 12(b)(6). *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim [under Rule 12(b)(6)] but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in … [such a] dismissal").

**IT IS ORDERED** that all 42 U.S.C. § 1983 claims in Plaintiff's prior Prisoner Civil Complaint (**Doc. 4**) are **DISMISSED with prejudice** for failure to state a plausible claim for relief under 28 U.S.C. § 1915(e) and Rule 12(b)(6); and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE